[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Inland Wetlands Agency of the Town of South Windsor approving the application of the defendant Services Development Corporation to amend the wetlands boundary of certain property owned by defendant, Andre L. Charbonneau.
On September 26, 1989, the defendant, Services Development Corporation, submitted an application to amend the inland wetlands boundary on certain property owned by the defendant, Charbonneau, in order to reduce the number of acres in wetlands area. On October 23, 1989, its next regularly scheduled meeting date, the Inland Wetlands Agency formally received and processed the application and scheduled a public hearing for November 13, 1989. On December 11, 1989, the Agency met and voted to approve the application and subsequently published a notice of its decision.
On March 2, 1990, the plaintiff in this appeal commenced a declaratory judgment action seeking to declare all prior proceedings, including the December 11, 1989 Agency approval, null and void because the agency failed to give proper statutory notice of the hearing and therefore had no jurisdiction to hear and decide the application. Almost simultaneously, the Director of Planning of the town advised the agency that the plaintiff was correct in his declaratory judgment action and therefore the agency should revoke its prior approval, which it had no authority to give, and schedule a new public hearing with proper public notices. On March 19, 1990, the Inland Wetlands Agency agency should revoke its prior approval, which it had no authority to give, and schedule a new public hearing with proper public notices. On March 19, 1990, the Inland Wetlands Agency voted to rescind its December 11, 1939 approval and scheduled a new public hearing for April 16, 1990. Proper hearing notices were published and new public hearing was conducted. Immediately following the hearing, the agency met and approved CT Page 271 the proposed amendment.
On May 2, 1990, the plaintiff appealed the Agency's decision and thereafter both the applicant and the landowner were joined as parties defendant.
At the time of the court hearing on this appeal, all the parties stipulated that the plaintiff owns property adjoining the property which is the subject of this appeal, and therefore, the court finds that the plaintiff is statutorily aggrieved for purposes of standing to appeal. Further, the plaintiff agreed at the court hearing that the April 16, 1990 public hearing was not a sham and he restricted his grounds for appeal to paragraphs, 11 A, B, C, D, E, F, G and H of his appeal complaint.
The broad issue encompassed by this appeal is whether the Inland Wetlands Agency could correct its failure to give correct statutory notice in the first place without requiring a new redated application to be executed and submitted? The court responds to this question with a yes.
Although within that broad issue, the appellant has posed a number of subsidiary issues, to wit — 1) Is the date of filing an application the date it is received in the town hall or the first meeting day of the agency after the application is submitted; 2) If the agency did not hold a hearing within 180 days of the filing date of the application, would it lose jurisdiction to render a decision? and 3) just an applicants request for extension be made within 90 days of the filing of the application? The court finds that it can respond to the broad issue encompassed in this appeal without the necessity of: responding to every narrow issue posed by the appellant.
The appellants argument on the broad issue is twofold. First, he claims that there is no authority in the statutes or the agencies regulations to explicitly permit an agency to revoke a previous decision and restore an application to the agency. Although it is true that the statutes do not explicitly deal with the precise situation here, the statutes do not pretend to deal with every procedural issue that an agency must deal with. The statutes contemplate and the case law dealing with those statutes contemplate that agencies like the Inland Wetlands Agency act reasonably and not arbitrarily. It was reasonable for the agency to agree with the plaintiff in his original declaratory action that their prior actions were null and void because they failed to give proper notice of the public hearing. It was certainly appropriate and reasonable for the agency to avoid continued litigation in the declaratory action by openly conceding that the plaintiff was correct in his position. The converse would be true because it would have been CT Page 272 arbitrary for the board to ignore an acknowledged jurisdictional error. Implicitly then, the statutes and laws contemplate that an agency take reasonable steps to correct a jurisdictional error. The question then arises whether the agency must require a newly dated petition in order to deal with the subject matter or may it treat the old petition as if it were a new petition effective March 19, 1990 (the date the agency rescinded its former approval and rescheduled a new public hearing). To put it in another way, was it arbitrary for the agency to have acted in the way it did?
The question brings us to the appellants second claim. He claims that the doctrine enunciated in Akin v. City of Norwalk,163 Conn. 68 (1972) makes it improper for the Agency to correct the previous error by setting a new hearing date without requiring that a newly dated petition be filed. In the Akin case, a subdivision was approved in May 14, 1969, but approval was not published in a newspaper within 10 days of the decision as required by statute. The Town Council tried to cure this error by meeting again in August 12, 1987, and merely reapproving its May 14 decision pro forma and then publishing that approval. The court held:
 "that the reapproval on August 12, 1969, and the subsequent publication of notice on August 14, 1969, aids nothing which can in any manner affect the first approval by the Common Council on May 14, 1969. The publication of notice of its action on August 14, 1969, does not suffice as a substitute for the notice required to be published within the limited time after the first action taken by the Common Council. The limitation makes the reason for this conclusion obvious for the reasons indicated and for the further reason that reapproval was not reached on the merits but merely to provide an opportunity for publication within a ten day period of the decision of the Common Council."
Essentially, the court said that this procedure glorified form over substance.
This is not our case.
The plaintiff has admitted that the subsequent hearing held on December 11, 1989 by the Agency in this case was not a sham but a hearing on the merits with an approval on the merits. For the agency to have required the petitioner to prepare a new petition with the same contents except for a new date might have been smarter in retrospect, but this court cannot find that it CT Page 273 was arbitrary for the agency to treat the old petitioner as new petition so long as it held a bona fide new hearing with a decision on the merits as a result of that new hearing. To do otherwise would exalt Form over substance, the very evil that Akin was avoiding. The Agency acted reasonably.
The appeal is dismissed.
BARALL, J.